## SCHERZER v. MUIRHEAD.

(Supreme Court, Appellate Term.    June 22, 1903.)

1. STATUTE OF FRAUDS—AGREEMENT TO ANSWER FOR DEBT OF ANOTHER.

In a dispute between a mortgagee who had seized the property and an attaching creditor of the mortgagor, a stipulation was entered in the attachment suit, signed by the mortgagor and mortgagee, reciting no consideration, and providing that the property should be delivered to the mortgagee, to be sold by him or the attaching creditor, and the proceeds applied first to the mortgage debt, and the surplus to be paid the creditor. *Held*, on refusal of the mortgagee to pay over such surplus, that the stipulation was not void, as an agreement to answer for the debt of another.

2. CHATTEL MORTGAGE—ATTACHMENT—PRIORITY—SALE.

A demand on the mortgagee by the mortgagor for the surplus did not excuse its retention.

3. SAME—LIEN OF EMPLOYES.

Workmen employed by the mortgagor had no claim on the proceeds, and a demand by them did not justify the mortgagee in retaining the surplus.

Appeal from City Court of New York.

Action by Herman Scherzer against William Muirhead. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Joseph Martin, for appellant.

D. W. Rockmore, for respondent.

GILDERSLEEVE, J.   On September 11, 1902, William Muirhead, the defendant, held a mortgage on certain goods, made to him by Berkowitz & Cooper to secure the payment of $200.   The mortgagors being in default, Muirhead on that day took possession of the property and foreclosed the mortgage.   On the following day the plaintiff, in an action brought by him against Berkowitz & Cooper, obtained an attachment against their property, and under it the sheriff seized the goods covered by Muirhead's mortgage.   Muirhead immediately gave the sheriff notice that he claimed to own the goods seized by the sheriff, and the question of title was thereupon tried by a sheriff's jury and found in favor of Muirhead.   Threats being made by Scherzer that he would indemnify the sheriff to take the property in question, Muirhead was induced to enter into an arrangement which on September 17, 1902, took the form of a stipulation in the attachment suit, signed by Berkowitz & Cooper, on the one part, and by Muirhead, on the other part, by the terms of which the property covered by the mortgage was to be delivered to Muirhead or his attorney, to be sold by Scherzer or Muirhead, and, after retaining the amount of Muirhead's debt and legal disbursements, the surplus was to be paid to Scherzer.   Muirhead was not a party to the attachment suit, nor was the stipulation signed by the attorney of any of the parties.   No consideration was recited in the stipulation, and there was no formal expression of any promise on the part of Muirhead.   Muirhead thereupon took the property and sold it for $600, and this action was brought to recover the sum of $375, claimed to be due to the plaintiff by virtue of the stipulation.   At the trial, Scherzer had a verdict for $350, and this appeal was taken from the judgment in that action.

The defense, aside from the question as to the amount due to Muirhead for the legal disbursements mentioned in the stipulation, rested on the grounds that the stipulation was void, under the statute of frauds, for the reason that it was a contract on the part of Muirhead to answer for the debt of Berkowitz & Cooper, and was without consideration; also that the plaintiff's remedy, if any, was by an action for an accounting, and that the court below had no jurisdiction to entertain such an action.   The appellant also took several exceptions in the course of the trial to the admission or exclusion of evidence, to which we shall refer.   Whatever force may be given to the stipulation, it certainly was not an undertaking by Muirhead to answer for the debt of Berkowitz & Cooper.   On the contrary, if it imports any obligation at all on his part, it was a promise to pay his own debt.   By the terms of the mortgage, he was to pay the overplus above his own debt and expenses to Berkowitz & Cooper, the mortgagors, which they, of course, could assign to Scherzer, and make it payable to him.   We can conceive that the defendant might have made a plausible argument on the construction of the stipulation that it imposed no liability on Muirhead to pay the overplus to Scherzer, but we express no opinion on that point, and could not do so, since the defendant, not having raised the question on the trial, cannot present it here for the first time.

The exceptions taken by the appellant do not constitute any ground

of reversal. The exclusion of evidence of a demand by Berkowitz for the balance in Muirhead's hands was quite right. If Scherzer was entitled to the money, no mere claim by Berkowitz would justify Muirhead in withholding it. The same is true of workmen employed by Berkowitz & Cooper. They had not the remotest connection with the mortgage, nor right to the proceeds of the sale of the mortgaged property. The question put to Mr. Rockmore, plaintiff's attorney, was perhaps improper, as calling for an estimate of the amount of the "legal disbursements" provided for in the stipulation, but he did not answer that question. He answered that the fair compensation for collecting $200 was $25. This was not responsive, and might have been stricken out on motion, but it was allowed to remain in the evidence without objection. Substantial justice appears to have been done by the verdict. The judgment is right, and should stand.

Judgment affirmed, with costs. All concur.